Morpht, J.
A mandamus is prayed for in this case, directed to the Judge of the Commercial Court of New Orleans, commanding him to allow the petitioner to take out a writ of fieri facias, under a judgment rendered in his favor, and signed on the 20th of December, 1845. It is alleged that, on the 2d of January, 1846, the eleventh day after said judgment was signed, (Sundays being excluded,) the defendant applied for, and obtained a sus-pensive appeal, returnable on the first Monday of February next; that this appeal having been granted after the legal delay had expired, within which a suspensive appeal could be allowed, was illegally and wrongfully granted, and should not stay the execution of said judgment; notwithstanding all which, the Judge refuses leave to the applicant to issue a writ of fieri facias, on the same. In answer to the rule, the Judge says, that deducting two Sundays that intervened, the ten days allowed by law for a sus-pensive appeal expired on the first day of January, 1846, and that in all cases where the last day of the time allowed for the performance of any judicial act, falls upon a dies non juridicus, his construction of the law, and the practice of his court, has always been to allow the whole of the next day, for the performance of such act; as, without this allowance of time, the party would not have the delay intended to be granted to him by law. The reason given by the Judge is satisfactory, and was the basis of the decision of this court in Allen & Deblin v. Their Creditors, 8 La. 223. It is true, that in that case, the last day on which an opposition could be filed was a Sunday; but, by an act of the General Assembly, approved on the 7th of March, 1838, (Acts, p. 44,) the first of January was declared to be a day of public rest in this State, and was added to those days mentioned in the Code of Practice, on which no judicial proceeding can be had. The course pursued by the Judge, was moreover justified by article 318 of the same Code, which provides, “ that, in all cases where delay is given, either to do something or to answer, neither, the' day of serving the notice, nor that on which the act is to be *423 done, or the answer filed, are included. The exceptions to this rule are specially provided by law.”
Rule discharged.